# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MRH INDIAN ENTERPRISES LLC )<br>d/b/a A PLUS WASTE RECYCLING AND )<br>RON C. HIGH, JR. )<br>)<br>    Defendants ) | Civil Action No. |

**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND**

Plaintiff Scottsdale Insurance Company ("Scottsdale" or "Plaintiff"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment against MRH Indian Enterprises LLC d/b/a A Plus Waste Recycling Services LLC ("A Plus Waste") and Ron High, Jr. ("High") (together "Defendants") states and alleges as follows:

**INTRODUCTION**

1. This is an action pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, to determine an actual and justiciable controversy between the parties with respect to certain insurance contracts issued by Scottsdale to A Plus Waste.

2. Plaintiff seeks a declaration of the rights, duties and obligations of the parties under insurance contracts issued by Plaintiff to A Plus Waste with respect to a lawsuit against the Defendants arising out of odors that allegedly polluted the air near the Defendants' composting facility in Middleborough, Massachusetts (hereinafter the "Underlying Suit").

## THE PARTIES

3. Plaintiff Scottsdale is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona.

4. Upon information and belief, Defendant A Plus Waste is a limited liability company organized under the laws of the State of Massachusetts, with a principal place of business at 88 River Street, Middleborough, Massachusetts.

5. Upon information and belief, Defendant High, is a resident of Plymouth, Massachusetts.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over the Parties in this action pursuant to 28 U.S.C. §1332(a)(1). This action is between citizens of different states, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

7. Plaintiff seeks a declaratory judgment under Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, as to the parties' rights and obligations with respect to the Underlying Suit under the insurance contracts at issue. An actual and justiciable controversy exists between and among the Parties.

8. Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants reside within this district and division. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(2) or (b)(3).

## FACTUAL ALLEGATIONS

### The Scottsdale Policies

9. Scottsdale issued the following insurance policies to A Plus Waste providing commercial general liability coverage: CPS1477647 (covering the period from 11/2/11 to

11/2/12), CPS1656342 (covering the period from 11/2/12 to 11/2/13), and CPS2111724 (covering the period from 10/27/14 to 10/27/15). [These policies will collectively be referred to as the "Subject Scottsdale Policies."]

### The Underlying Suit

10. On or about March 25, 2016, twenty-one plaintiffs filed the Complaint and Jury Demand in the Underlying Suit in Plymouth County Superior Court. Subsequently, three of the plaintiffs withdrew from the lawsuit. The Docket Number for the suit is 1683CV00291.

11. In the INTRODUCTION to the Complaint in the Underlying Suit, Plaintiffs state, *inter alia*:

> …Defendants own and operate a large composing facility ("Facility") in Middleborough, MA. Plaintiffs reside near the Facility. Composting operations at the Facility generate putrid odors that pollute the air at Plaintiffs' properties, severely diminishing Plaintiffs' enjoyment of their properties and the quality of their lives. Despite frequent and escalating complaints over a period of years, and despite repeated regulatory enforcement action by the Massachusetts Department of Environmental Protection ("MassDEP"), the Facility's odors have persisted, and have become worse. [Complaint, ¶ 1]

12. Plaintiffs in the Underlying Suit have asserted Claims against the Defendants based upon Private Nuisance (Count 1), Public Nuisance (Count 2), Negligence (Count 3), and Gross Negligence (Count 4), and Violations of 310 C.M.R. § 7.09(1) and 310 C.M.R. § 16.04(3)(a)(1) (Count 5). Plaintiffs seek a declaration that Defendants "are and have been causing a private and public nuisance…" and seek injunctive relief and an award of damages. [Complaint, ¶74]

### Scottsdale Defense Of The Underlying Suit Pursuant To A Reservation of Rights

13. Scottsdale has agreed to defend the Defendants in connection with the Underlying Suit pursuant to a full reservation of rights and has paid and continues to pay defense costs in connection with this defense.

## **COUNT I:  DECLARATORY JUDGMENT AGAINST DEFENDANTS**

14. Scottsdale realleges and incorporates by reference as if fully restated herein the allegations in Paragraph 1 through 13 of the Complaint.

15. Defendants are not entitled to insurance coverage for the Underlying Suit under the Subject Scottsdale Policies for the following reasons:

(a) There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the claims do not involve "property damage," "personal injury," or "bodily injury" within the meaning of the Subject Scottsdale Policies.

(b) There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the claims do not involve "damages" within the meaning of the Subject Scottsdale Policies.

(c) There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent the claims do not involve an "occurrence" within the meaning of the Subject Scottsdale Policies.

(d) There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the suit involves claims of damage, loss, or injury due to deliberate, intentional, willful, or reckless conduct on the part of the insured or involve alleged "property damage," "personal injury," or "bodily injury" which was expected or intended from the standpoint of the insured.

(e) There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent the alleged losses were known to the Insured prior to the inception of the Subject Scottsdale Policies.

(f)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent the alleged "property damage," "personal injury," or "bodily injury" did not take place during the effective periods of the Subject Scottsdale Policies.

(g)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit since **the claims are barred by total pollution exclusions contained in the Subject Scottsdale Policies.**

(h)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent they involve allegations of damage to property owned or occupied by or rented to the insured; property used by the insured; property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; or property alienated by the named insured arising out of such premises or any part thereof.

(i)  Coverage for the Underlying Suit is barred, in whole or in part, to the extent the insured failed to comply with the policy requirements regarding the insured's duties in the event of an occurrence, claim, or suit or any other conditions set forth in the Subject Scottsdale Policies, including without limitation the provisions regarding timely notice.

(j)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent the insured failed to assist and cooperate in connection with the Underlying Suit.

(k)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent any material fact or circumstance concerning the risk for which

coverage was sought was concealed or misrepresented at the time an application was made for the Subject Scottsdale Policies, nor is there coverage under the Subject Scottsdale Policies in the case of any fraud.

(l)  There is no coverage for the Underlying Suit to the extent the losses at issue were not fortuitous.

(m) There is no coverage for the Underlying Suit to the extent that punitive or exemplary damages are being sought.

(n)  There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent voluntary payments have been made.

(o)  There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent any entity seeking coverage does not constitute an "Insured," "Named Insured," or "Additional Insured" within the meaning of these policies.

(p)  The Subject Scottsdale Policies contain policy limits of liability including per occurrence and aggregate limits and deductibles which limit Scottsdale's obligations, if any, with regard to the Underlying Suit.

(q)  Any recovery against Scottsdale under the Subject Scottsdale Policies for the Underlying Suit must be reduced to the extent the insured has failed to mitigate, minimize, or avoid its claimed damages.

(r)  There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the insured's alleged liabilities arose from the payment of civil or criminal fines or penalties; or the violation of any rule, law, regulation, or penal statute or ordinance.

(s)  There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent coverage is barred by the contractual liability exclusion in these policies.

(t)  To the extent the Subject Scottsdale Policies provide coverage for the Underlying Suit, the extent of such coverage is limited by "other insurance" provisions in the Subject Scottsdale Policies and principles of allocation based upon the nature and timing of the alleged injuries, the time on the risk, and any other factors which bear on this issue.

(u)  To the extent the insured was self-insured or uninsured, Scottsdale has no defense or indemnity obligations under the Subject Scottsdale Policies with respect to claims for alleged bodily injury, personal injury, or property damage that occurred during the period or periods during which it was self-insured or uninsured.

(v)  There is no coverage under the Subject Scottsdale Policies for the Underlying Suit to the extent the suit involves liabilities assumed under any contract or agreement.

(w)  There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the insured's claims for coverage are barred by applicable statutes of limitations.

(x)  There is no coverage for the Underlying Actions under the Subject Scottsdale Policies to the extent that these policies have been impaired or exhausted by previous payments.

(y) There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the insured's claims for coverage are barred by the doctrines of waiver, estoppel, ratification, "unclean hands," and laches.

(z) There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent the insured's alleged liabilities involve costs solely to comply with statutes and regulations governing the insured's business operations. There is no coverage for the Underlying Suit under the Subject Scottsdale Policies to the extent they involve the costs of doing business or compliance with governmental rules and regulations.

## PRAYERS FOR RELIEF

WHEREFORE, Scottsdale prays for judgment under Count I as follows:

1. Declaring Scottsdale has no obligation to defend or indemnify Defendants with respect to the Underlying Suit.

2. Awarding Scottsdale such other and further relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Scottsdale demands a trial by jury on all issues so triable.

DATED: September 4, 2019          Respectfully submitted,

**SCOTTSDALE INSURANCE COMPANY**

By Its Attorneys,

/s/ Wm. Gerald McElroy, Jr.
Wm. Gerald McElroy, Jr., BBO # 332500
Jeffrey A. Gordon, BBO # 685981
ZELLE LLP
161 Worcester Road, Suite 502
Framingham, MA  01701
Telephone: 781-466-0700
Facsimile:  781-466-0701
E-mail: wmcelroy@zelle.com
E-mail: jgordon@zelle.com