UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MRH INDIAN ENTERPRISES LLC<br>d/b/a A PLUS WASTE RECYCLING and<br>RON C. HIGH, JR.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 19-cv-11878-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

BURROUGHS, D.J.

Scottsdale Insurance Company ("Plaintiff") brings this declaratory judgment action against MRH Indian Enterprises LLC d/b/a A Plus Waste Recycling and Ron C. High, Jr. ("Defendants") to determine its duty to defend or indemnify Defendants in an underlying environmental action pending in Massachusetts Superior Court (the "Underlying Action"). [ECF No. 1]. Currently before the Court is Defendants' motion to dismiss the complaint. [ECF No. 8]. For the reasons set forth below, the motion to dismiss, [ECF No. 8], is GRANTED, and the complaint is dismissed without prejudice to allow Plaintiff to re-file the action in state court.

**I.     FACTUAL BACKGROUND**

The Court draws the relevant facts from the complaint. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 121 (2007) ("Because the declaratory-judgment claims in this case were disposed of at the motion-to-dismiss stage, we take the following facts from the allegations in petitioner's amended complaint and the unopposed declarations that petitioner submitted in response to the motion to dismiss.").

On March 25, 2016, twenty-one plaintiffs filed a claim in Massachusetts Superior Court, alleging private nuisance, public nuisance, negligence, gross negligence, and violations of both 310 C.M.R. § 7.09(1) and § 16.04(3)(a)(1), which regulate air pollution control and solid waste, stemming from Defendants' operation of a composting facility in Middleborough, Massachusetts.  [ECF No. 1 ¶ 12].  Specifically, the state-court plaintiffs, who live near the composting facility, allege that

> [c]omposting operations at the Facility generate putrid odors that pollute the air at Plaintiffs' properties, severely diminishing Plaintiffs' enjoyment of their properties and the quality of their lives.  Despite frequent and escalating complaints over a period of years, and despite repeated regulatory enforcement action by the Massachusetts Department of Environmental Protection ("MassDEP"), the Facility's odors have persisted, and have become worse.

[ECF No. 1 ¶ 11].

Plaintiff's alleged duty to defend arises from several insurance policies that Plaintiff issued to Defendants covering the period from November 2, 2011, through October 27, 2015 (the "Insurance Policies").  [ECF No. 1 ¶ 9].  Though Plaintiff is not a party to the Underlying Action, it agreed to defend the Defendants, but reserved its right to challenge whether it has a duty to defend and indemnify.  [ECF No. 9-1; ECF No. 10 at 3].  The Underlying Action was originally scheduled for trial on June 4, 2019, but was continued to September 23, 2019 and then to January 23, 2021.  [ECF No. 9-1 at 12, 13].[1]

---

[1] The case was continued until 2021 due to the state of emergency surrounding the COVID-19 pandemic.  See Medeiros, et al. v. A Plus Waste & Recycling Servs., et al., 1683CV00291 (Mass. Super. Ct. May 18, 2020).  This Court may "take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."  Sever v. City of Salem, 390 F. Supp. 3d 299, 302 (D. Mass. 2019) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)).

## II. PROCEDURAL BACKGROUND

On September 4, 2019, Plaintiff filed its complaint in which it seeks a declaratory judgment that it does not have a duty to defend or indemnify Defendants in the Underlying Action. [ECF No. 1 ¶ 2]. Plaintiff asserts twenty-six reasons in support of its claim that it has no duty to defend Defendants. [ECF No. 1 ¶ 15(a)–(z)]. Defendants moved to dismiss the complaint on October 10, 2019. [ECF Nos. 8, 9]. On October 24, 2019, Plaintiff opposed the motion to dismiss and clarified that despite claiming twenty-six reasons that it has no duty to defend Defendants, its complaint relied principally on a total pollution exclusion within the Insurance Policies. [ECF No. 10 at 3].

## III. LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, states in relevant part that

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  "[T]he Declaratory Judgment Act [is] 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"  Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237 (1952)).  "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Atain Specialty Ins. Co. v. Davester LLC, No. 19-cv-11634, 2019 WL 5087338, at *3–4 (D. Mass. Oct. 10, 2019) (alteration in original) (quoting Wilton, 515 U.S. at 282); see also U.S. Liab. Ins. Co. v. Wise, 877 F. Supp. 348, 348 (D. Mass. 1995) (declining to exercise jurisdiction sua sponte in a declaratory judgment insurance action).

"The question for a district court presented with a suit under the Declaratory Judgment Act . . . is whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Flectat Ltd. v. KASL Seabreeze LLC, 257 F. Supp. 3d 152, 157 (D. Mass. 2017) (alteration in original) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Mar. Terminal, Inc., No. 14-cv-14541, 2015 WL 3952766, at *3 (D. Mass. June 29, 2015)).

Several factors, originally identified by the Supreme Court in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), guide whether a court should exercise its discretion to consider an action seeking declaratory relief related to a state-court case:

> (1) the scope of the pending state court proceeding and the nature of the defenses open there; (2) whether the claims of all parties in interest can be adjudicated satisfactorily in the state proceeding; (3) whether necessary parties have been joined; (4) whether all necessary parties are amenable to process in the state proceeding; and (5) the virtue of avoiding uneconomical proceedings, vexatious proceedings, and gratuitous interference by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties.

Flectat Ltd. v. KASL Seabreeze, LLC, 257 F. Supp. 3d 152, 156–57 (D. Mass. 2017) (citing Wilton, 515 U.S. at 283). No individual factor is dispositive and this list does not preclude consideration of additional factors that may inform "a district court's decision to stay or to dismiss a declaratory judgment action at the outset." Wilton, 515 U.S. at 283; see also Riva v. Massachusetts, 61 F.3d 1003, 1012 (1st Cir. 1995) (stating that it was appropriate for a court to exercise it discretion and consider a declaratory action when there was little factual uncertainty and the court determined that it would be more efficient and fair to the litigants to exercise its discretion); Haley & Aldrich, Inc. v. Specialty Tech. Consultants, Inc., 158 F. Supp. 3d 16, 19 (D. Mass. 2016) (dismissing declaratory judgment action regarding an alleged duty to indemnify in an underlying wrongful death action because the case did not involve federal law or federal

issues); Seaton Ins. Co. v. Clearwater Ins. Co., 736 F. Supp. 2d 472, 476–77 (D.R.I. 2010) (denying a motion to dismiss a declaratory action because there were no common factual questions between the federal action and related state-law action); Nat'l Union Fire Ins. Co., 2015 WL 3952766, at *6 (staying an insurance coverage declaratory action concerning underlying breach of contract claims because of the absence of federal claims and the conflicts of interest in representation).

The party seeking declaratory judgment has the burden of establishing the court's jurisdiction. See Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993) ("In the trial court . . . a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–241 (1937))). Thus, in considering Defendants' motion to dismiss, this Court must determine whether Plaintiff has met its burden by establishing that the instant action would be better settled in federal court based on the factors referenced above.

## IV.  DISCUSSION

This case asks the Court to determine whether a total pollution exclusion contained in Defendants' Insurance Policies with Plaintiff absolves Plaintiff of its duty to defend or indemnify Defendants in an underlying environmental action in state court. [ECF No. 10 at 1]. Defendants want the Court to dismiss the declaratory action, so that it can be brought in state court, or, in the alternative, to stay these proceedings until the conclusion of the Underlying Action. [ECF No. 8 at 1].

Because a determination of Plaintiff's duty to defend or indemnify Defendants in the Underlying Action would require the Court to consider whether Defendants' conduct caused "pollution," the exact issue presently before the state court in the Underlying Action, this

declaratory action is more appropriately brought in the state court.  Additionally, it is more appropriate that the Court dismiss this case, rather than stay these proceedings while the Underlying Action is resolved in state court.  If the Court were to stay these proceedings, the issue of whether Plaintiff has a duty to defend would not be resolved until after Plaintiff had already performed that duty by continuing to defend Defendants in the Underlying Action.  Also, if it is necessary for a court to decide any indemnification issues after the resolution of the Underlying Action, the state court—having already heard the evidence relevant to whether Defendants' actions constituted pollution and thereby were excluded under the Insurance Policies—would be better positioned to decide whether indemnification was appropriate.  See Flectat, 257 F. Supp. 3d at 157–58.  Therefore, and as discussed further in Sections IV.A–D, infra, these circumstances warrant dismissal rather than a stay.

As a preliminary matter, the Court notes that two of the factors discussed in Brillhart suggest that the Court should exercise its discretion over the declaratory action in this case.  316 U.S. 491 (1942).  First, Plaintiff is not a party to the Underlying Action.  Flectat, 257 F. Supp. 3d at 156–57; [ECF No. 9-1].  Second, although Plaintiff does not explicitly say that it would not be amenable to resolving its declaratory action in state court, see generally [ECF No. 10], the Court presumes this to be the case given the complaint and the substance of Plaintiff's briefing on this motion, Flectat, 257 F. Supp. 3d at 156–57 (citing Wilton, 515 U.S. at 283).

As more fully discussed below, however, following consideration of the other relevant factors, the Court nonetheless declines to exercise its jurisdiction.  Because the facts at issue in this case are so intertwined with the facts before the state court, allowing both cases to proceed separately would risk inconsistent rulings and be an inefficient use of the parties' and courts' resources.  See, e.g., Wilton 515 U.S. at 283; Flectat, 257 F. Supp. 3d at 157 (staying a

declaratory action in federal court, despite the fact that only one party wanted to proceed in state court, because of significant factual overlap between the federal and state proceedings).

### A. The State Court Is an Effective Forum for a Declaratory Action Concerning Plaintiff's Duty to Defend and Indemnify

The insurance-coverage dispute at issue in this declaratory action could be satisfactorily adjudicated in state court. Flectat, 257 F. Supp. 3d at 156. State courts in Massachusetts may hear declaratory judgment actions under the Massachusetts Declaratory Judgment Act, Mass. Gen. Laws ch. 231A, § 1, which states in relevant part that "[t]he supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby . . . ."

Declaratory judgment actions in state court are the proper, common process to determine an insurer's duty to defend and indemnify in a related state-court case. See, e.g., Styller v. Nat'l Fire & Mar. Ins. Co., 128 N.E.3d 612, 615–16 (Mass. App. Ct. 2019) (explaining that insured brought declaratory judgment action against insurer regarding duty to indemnify); Dorchester Mut. Fire Ins. Co. v. First Kostas Corp., 731 N.E.2d 569, 571 (Mass. App. Ct. 2000) (explaining that insurer brought declaratory judgment action against insured regarding general liability insurance contract duty to defend (citing Lumbermens Mut. Cas. Co. v. Belleville Indus., Inc., 555 N.E.2d 568, 574 (Mass. 1990))). A state court may also consolidate a declaratory judgment action with related proceedings. Mass. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending . . . [the court] may order a joint hearing or trial of any or all the matters in issue in the actions . . . ."); see, e.g., Worcester Ins. Co. v. Fells Acres Day Sch. Inc., 558 N.E.2d 958, 962 (Mass. 1990) (consolidating insurance-company-plaintiffs' and tort-

suit-plaintiffs' respective declaratory judgment and damages actions against a defendant school organization for sexual abuse).

Here, Plaintiff brings a declaratory judgment action that requires an adjudication of an insurer's duty to defend or indemnify under a policy agreement based on state law. [ECF No. 1 ¶¶ 1, 2, 8]. Specifically, the main contention involves a total pollution exclusion to any duty to defend or indemnify within the Insurance Policies issued to Defendants. [ECF No. 10 at 7]. Notably, there are no constitutional or federal issues present within the complaint. See generally [ECF No. 1]. Therefore, absent this Court electing to exercise its discretion, Plaintiff will be able to seek relief in state court. See Dorchester Mut. Fire Ins. Co., 731 N.E.2d at 571; see also Worcester Ins. Co., 558 N.E.2d at 962. Thus, this Brillhart factor, whether the claims can be adjudicated within the state-court proceeding, weighs in favor of dismissal or a stay.

### B. The Scope of the State and Federal Proceedings

If a federal declaratory action only includes state law claims, then the lack of federal interest weighs against exercising discretion. Flectat, 257 F. Supp. 3d at 157; see Haley, 158 F. Supp. 3d at 19 (declining to exercise jurisdiction in declaratory judgment action with only state-law claims and parallel state court proceedings). Federal district courts have also declined to exercise their discretion to consider declaratory judgment actions when the state law claims involve matters of state interest. See Travelers Cas. & Sur. Co. v. Bos. Gas Co., 76 F. Supp. 2d 59, 67 (D. Mass. 1999) (declining to exercise jurisdiction in favor of underlying action in part because of the insurance law issues in question and their effects on public utilities in Massachusetts); see also Flectat, 257 F. Supp. 3d at 158–59 (staying declaratory action in part because of state-law nature of insurance coverage dispute).

Here, the declaratory judgment action concerns a state-law issue: Plaintiff's duty to defend or indemnify Defendants in a state-court proceeding given the terms of the Insurance

Policies. [ECF No. 1 ¶¶ 2, 9, 12]. The lack of a federal issue in the complaint weighs in favor of dismissal. See Flectat, 257 F. Supp. 3d at 158–59; Haley, 158 F. Supp. 3d at 19.

### C. The Cases Require the Same Factual Determinations

A declaratory action should be resolved in a parallel state-court proceeding if the factual allegations at issue are sufficiently intertwined. Flectat, 257 F. Supp. 3d at 158; see Standard Fire Ins. Co. v. Gordon, 376 F. Supp. 2d 218, 229 (D.R.I. 2005) (denying dismissal after finding factual issues concerning coverage determination and factual issues regarding negligence action were distinct); see also Atain Specialty Ins. Co. v. Davester LLC, No. 19-cv-11634, 2019 WL 5087338, at *2 (D. Mass. Oct. 10, 2019) (denying dismissal after finding duty to defend involved distinct factual issues from underlying breach of duty of care action). Plaintiff argues that, if the state court finds that the odors from Defendants' composting facility are "pollution," then the Underlying Action is excluded from coverage under the Insurances Policies' pollution exclusion, see generally [ECF No. 10], but asks that this Court simultaneously consider whether the odors are "pollution" for purposes of the Insurance Policies, [id.].

Beyond conclusory statements claiming that the facts in the Underlying Action and the instant action are not sufficiently similar to warrant litigating in state court, neither party clearly outlines how or why this is the case. Compare [ECF No. 9 at 9 (arguing that the underlying facts are hotly contested without specifying which facts are contested)] with [ECF No. 10 at 9–11 (arguing that there are no overlapping factual issues without distinguishing what the distinct factual issues are)].

This case would require the Court to determine whether the odors at issue constituted "pollution" within the meaning of the contract, a question that should properly be brought before the state court considering the Underlying Action. See Flectat, 257 F. Supp. 3d at 158–59 (finding declaratory judgment action would require answering the factual question of what

constitutes an "occurrence" under the insurance policy, and that this question would be better decided by the state courts); Wise, 877 F. Supp. at 348–49, 351 (dismissing a declaratory judgment action that would have required determining whether lead paint was "pollution," such that a total pollution exclusion within an insurance policy meant there was no duty to defend). To make this determination, the Court would first need to consider whether the pollutant is "pollution" under the specified policies. Compare Atl. Mut. Ins. Co. v. McFadden, 595 N.E.2d 762, 763–64 (Mass. 1992) (finding lead paint chips in the home were not a pollutant under the pollution exclusion exception of an insurer's general liability policies for a real estate company) with U.S. Liab. Ins. Co. v. Bourbeau, 49 F.3d 786, 788–89 (1st Cir. 1995) (finding lead paint chips contaminating soil around town building after contractor had stripped the paint from the building constituted pollution under pollution policy exceptions). If it was found to be pollution, the Court would next need to evaluate whether the pollution was environmental and industrial or whether it occurred during normal business activities. See generally W. Alliance Ins. Co. v. Gill, 686 N.E.2d 997 (Mass. 1997) (differentiating environmental and industrial pollution from normal business activities under pollution exclusion where the underlying action involved carbon monoxide poisoning allegations against a restaurant). Claims in the Underlying Action, specifically violations of 310 C.M.R. § 7.09(1) and § 16.04(3)(a)(1), are directly tied to the determination of whether Defendants' actions constituted "pollution."[2] The application of a total

---

[2] In order to demonstrate that Defendants violated § 7.09(1) in the Underlying Action, the state-court plaintiffs will need demonstrate that Defendants' composting facility created pollution, defined as

> the presence in the ambient air space of one or more air contaminants or combinations thereof in such concentrations and of such duration as to: (a) cause a nuisance; (b) be injurious, or be on the basis of current information, potentially injurious to human or animal life, to vegetation, or to property; or (c) unreasonably

pollution exclusion to a duty to defend therefore requires significant factual determinations that the state court will already be making in the Underlying Action.

Absent further information from the parties about the facts in the Underlying Action, Plaintiff has failed to meet its burden of showing that factual determinations from the declaratory judgment proceeding would not overlap with determinations in the Underlying Action such that this Court should exercise its jurisdiction.  See Cardinal Chem. Co., 508 U.S. at 95.  This factor therefore supports dismissing the declaratory action.

### D.   Uneconomical and Vexatious Proceedings

It would clearly be more efficient for the judge who is already considering the facts of the Underlying Action to also handle this related declaratory judgment action.  See Haley, 158 F. Supp. 3d at 19 (declining to consider a declaratory action because the state-court judge considering the issue in both a parallel state declaratory action and the underlying wrongful death suit would have a better grasp of the facts).  Where no federal issues are present, even without any factual overlap, the inefficiencies inherent in dual proceedings also suggest abstention.  See Flectat, 257 F. Supp. 3d at 158 (noting that even on issues without factual overlap the appeals process and scheduling matters would be inefficient).  The risk of "conflicting judicial decisions that result from piecemeal and duplicitous litigation further support a decision" to abstain from considering a declaratory action.  Travelers Cas. & Sur. Co., 76 F. Supp. 2d at 67–68.

Given the potential factual similarities, litigating the Underlying Action and the declaratory judgment action in different courts could result in the "uneconomical" and

---

   interfere with the comfortable enjoyment of life and property or the conduct of business.

310 C.M.R. § 7.00.  Similarly, to have violated § 16.04(3)(a)(1), Defendants would have had to discharge "unpermitted" pollutants that create a public nuisance or present a "significant threat to public health, safety or the environment."  310 C.M.R. § 16.04(3)(a)(1).

"vexatious" proceedings that Brillhart sought to avoid.  See Brillhart, 316 U.S. at 495.  As between the two courts, given the progress in the Underlying Action and the upcoming trial, supra at Section IV.C., the state court will undoubtably be more familiar with the issues and have a better perspective on whether Defendants have polluted, including whether their alleged contaminants are "air pollution" and whether the Insurance Policies exclude the claims at issue, see Haley, 158 F. Supp. 3d at 19.  If the Court were simply to stay these proceedings while the state court decided the Underlying Action, rather than dismissing the case, it would not remedy the inefficiency of having a federal proceeding when there is no federal issue where there is a parallel state-court case that has related claims.  See id. (dismissing declaratory judgment action where "[t]he absence of any question of federal law . . . eliminates a potential federal interest in entertaining this case sufficient to override the inefficiencies of dual proceedings").  Thus, the weight of these inefficiencies weighs in favor of dismissal.[3]

On balance, given the broad nature of federal district court discretion regarding declaratory actions, see generally Wilton, 515 U.S. at 287, the Court concludes that the judicial efficiency interests at stake weigh in favor of dismissal to allow the declaratory action and the Underlying Action to be decided by the state court.  See, e.g., Flectat, 257 F. Supp. 3d 152; Haley, 158 F. Supp. 3d 16.

---

[3] In determining whether to exercise discretion in a declaratory judgment action, courts also consider whether the parties are procedurally fencing and using federal declaratory judgment proceedings in a race against a state proceeding to gain res judicata.  Wise, 877 F. Supp. at 350, 352.  Here, there does not appear to be any procedural fencing nor a race for res judicata.  [ECF No. 10 at 8].

## V.     CONCLUSION

Accordingly, Defendants' motion to dismiss, [ECF No. 8], is GRANTED.  Plaintiff's complaint is dismissed without prejudice to allow Plaintiff the opportunity to seek a declaratory judgment on the issues of its duty to defend or indemnify in state court.

**SO ORDERED.**

June 30, 2020                                                              /s/ Allison D. Burroughs
                                                                                     ALLISON D. BURROUGHS
                                                                                     U.S. DISTRICT JUDGE